IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WILLIAM PAUL, and DESI WARNER,

    Plaintiffs,

v.

THE GRAND CONDOMINIUM ASSOCIATION, INC.,
JJN REAL ESTATE, LLC, EDGEWATER ONE
INTERNATIONAL REALTY, INC., and DANIEL NAULT,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs William Paul ("Plaintiff" or "Paul") and Desi Warner ("Plaintiff" or "Warner") bring this action against Defendants, The Grand Condominium Association, Inc. ("Condominium Association"), JJN Real Estate, LLC ("JJN"), Edgewater One International Realty, Inc. ("Edgewater One"), and Daniel Nault, (collectively, "Defendants"), and state as follows:

1. This is an action for declaratory judgment and damages against Defendants for their raced based discrimination in violation of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because these actions arise under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1982, and the Federal Fair Housing Act, 42 U.S.C. § 3604, and violation of the Florida Fair Housing Act-specifically, Section 760.23(1); 760.23(2); and 760.23(3), Florida Statutes.

3. The events giving rise to the claims alleged in this Complaint arose within Miami,

Paul and Warner v. The Grand Condominium
Complaint for Injunctive Relief

Florida which is within the Southern District of Florida. 28 U.S.C. § 89(b). Venue in this Court is therefore proper pursuant to 28 U.S.C. § 1441(a).

## PARTIES

4. Plaintiff William Paul belongs to a class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of his race–Black American, and color - Black.

5. Plaintiff Desi Warner belongs to a class of persons whom the Act protects from unlawful discrimination by virtue of his race–African American, and color-Black.

6. Defendant, The Grand Condominium Association, Inc., is a corporation organized under the laws of the State of Florida, maintaining their principal place of business in the State of Florida.

7. Upon information and belief, the Condominium Association owns and operates its business on floors 10 through 42 of the building at 1717 N Bayshore Dr., Miami, Florida 33132.

8. Defendant, JJN Real Estate, LLC, is a limited liability corporation incorporated under the laws of the State of Florida that maintains its principal place of business in Florida.

9. Upon information and belief, and at all times relevant to this action, JJN owned the subject "Dwelling Unit" 2459 at 1717 N Bayshore Dr., Miami, Florida 33132.

10. Defendant, Edgewater One International Realty, Inc., is a corporation incorporated under the laws of the State of Florida that maintains its principal place of business in Florida.

11. Upon information and belief, and at all times relevant, Edgewater managed Dwelling Unit 2459 where Mr. Paul lived at 1717 N Bayshore Dr., Miami, Florida 33132.

12. Defendant, Daniel Nault, was an agent for JJN, the Condominium Association, and Edgewater One, and at all times relevant acted in that course and scope.

Paul and Warner v. The Grand Condominium
Complaint for Injunctive Relief

**FACTS**

14. Mr. Paul is a former tenant of "The Grand" located at 1717 N Bayshore Dr., Miami, Florida 33132.

15. Mr. Paul's tenancy at "The Grand" was for the term period of June 1, 2021, to May 31, 2022. **Exhibit A, Lease Agreement**.

16. At all times material Mr. Paul was not delinquent on rental payments.

17. On or about September 23, 2021, Mr. Warner was an invited guest visiting William Paul's Dwelling Unit.

18. In the middle of the night on September 23, 2021, Daniel Nault woke Mr. Paul up through numerous texts and phone calls.

19. Mr. Nault, acting as an agent or employee of Defendants, and with no apparent basis, threatened to call the police to the Dwelling Unit if Mr. Paul did not wake up Mr. Warner and send him downstairs to the Defendants' lobby immediately.

20. Mr. Warner complied and went downstairs to the Defendants' lobby.

21. The Defendants' employees or agents then demanded Mr. Warner provide his driver's license. He complied.

22. Then, Defendants agents or employees demanded Mr. Warner provide his social security number.

23. When Mr. Warner declined to provide his social security number, agents or employees for the Defendants refused to allow him access to Mr. Paul's Dwelling Unit.

24. The Defendants' agents or employees would not allow Mr. Warner to gather his belongings from the Dwelling Unit.

25. Mr. Warner watched as white residents and their guests passed through the

Defendants' lobby to the upstairs residences without issue.

26. Defendants' employees, agents, or apparent agents did not ask any other person in the Hotel's lobby to provide identification or their room keys.

27. The only difference between Mr. Warner and the other guests was his race and membership in a protected class.

28. Mr. Warner left the premises without his belongings.

29. The next day, on September 24, 2021, Mr. Paul left the Defendants' Premises and returned in the early afternoon.

30. But when William Paul tried to gain access to the Dwelling Unit his electronic key card did not work.

31. Mr. Paul made his way back to the elevators (his unit is on the 24th floor).

32. When Mr. Paul reached the elevator, his palm scan did not work to open the elevator door. Mr. Paul was locked out of the elevators as well as his own Dwelling Unit.

33. Mr. Paul then had to walk approximately 24 flights of stairs down to the lobby of The Grand Condominium.

34. Mr. Paul walked approximately 24 flights of stairs down to the Defendants' lobby. Mr. Nault, an agent for the landlord, then informed Mr. Paul that the Defendants were "*freaked out*" by a recent shooting in the area.

35. Mr. Paul told Mr. Nault how embarrassing and unfair this entire experience had been. And that Mr. Paul had no idea what a recent shooting in the area had to do with his access to the Dwelling Unit.

36. Eventually, Mr. Nault advised Mr. Paul to go back to the front desk and alerted the front desk via walkie-talkie that Mr. Paul was approaching.

37. Mr. Paul arrived back at the front desk and asked for access to the Dwelling Unit.

38. The front desk attendant then told William Paul they must call security.

39. A security guard arrived at the front desk and told William Paul he had "one hour" to gather his things and leave the Dwelling Unit.

40. Keep in mind, this all occurred in the Defendants' busy lobby where Mr. Paul's neighbors passed by.

41. Terrified and humiliated, Mr. Paul enlisted the help of a friend to gather as much of his belongings as he could, and he left the Dwelling Unit forever.

42. Defendants treated William Paul and Desi Warner differently from other guests and invitees because of their race.

43. Defendants denied Mr. Paul and Mr. Warner the use and enjoyment of the benefits, privileges, terms and conditions of contract that they extend to other similarly situated guests who are not Black.

44. Defendants breached their contract with Mr. Paul and Mr. Warner by interfering with his enjoyment of guest facilities and facilities made available to all other Premises' guests, because of their race.

45. Defendants denied Mr. Paul and Mr. Warner the use and enjoyment of the same accommodations, privileges, and benefits that it grants to other similarly situated guests and invitees who are not Black.

46. Plaintiffs were subjected to discriminatory terms and conditions based on their race, and because of their race, color, and national origin they were treated differently than their white neighbors.

47. This disparate treatment included William Paul being unlawfully evicted for no

apparent reason with self-help measures and armed security guards when his white neighbors were never treated this way. And Desi Warner being kicked-out of the Grand in the middle of the night and refused reentry without providing his social security number when white guests were not kicked-out and asked for their social security numbers.

48. As a result of Defendants' actions, Plaintiffs have suffered mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiffs will suffer these losses in the future.

49. The actions of the Defendants were in deliberate disregard of Plaintiffs' federal and state protected rights.

50. Any other conditions precedent to the filing of this action have been satisfied or have been waived. An administrative complaint was timely filed with the Department of Housing and Urban Development and is pending.

51. Plaintiffs have retained the undersigned law firms to represent them in these actions and have agreed to pay a reasonable fee for their services.

**COUNT ONE –VIOLATION OF 42 U.S.C. § 3604(a)**
*William Paul v. The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.*

52. Plaintiff hereby reasserts by reference the allegations of Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Plaintiff is a member of a protected class being Black.

54. Plaintiff, William Paul, was Defendants' tenant.

55. The Defendants acted to terminate Mr. Paul's tenancy by initiating a "1 hour" Notice to Vacate.

56.     The Defendants did not take similar action against a White or Caucasian tenant.

57.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff, William Paul, has suffered irreparable loss and injury including, but not limited to mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**COUNT TWO–VIOLATION OF 42 U.S.C. § 3604(a)**
***Desi Warner v.  The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.***

58.     Plaintiff hereby reasserts by reference the allegations of Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

59.     Plaintiff is a member of a protected class being African American and Black.

60.     Plaintiff, William Paul, was Defendants' tenant. At all times material, Desi Warner was a guest of Plaintiff, William Paul.

61.     The Defendants acted to kick Mr. Warner out of Mr. Paul's unit because they were "freaked out" by recent shootings in the area.

62.     The Defendants did not take similar action against a White or Caucasian guest.

63.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff, Desi Warner, has suffered irreparable loss and injury including, but not limited to mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**COUNT THREE – VIOLATION OF 42 U.S.C. § 3604(b)**
***William Paul v.  The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.***

64. Plaintiff hereby reasserts by reference the allegations of Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

65. Plaintiff is a member of a protected class.

66. Plaintiff, William Paul, was Defendants' tenant.

67. The Defendants imposed unfavorable or less favorable terms and conditions on Plaintiff's tenancy. Defendant told Plaintiff that he had to vacate the Dwelling Unit without giving him proper notice or reason.

68. Defendants did not impose such terms and conditions on similarly situated tenants not of Plaintiff William Paul's protected class.

69. Defendants' conduct resulted in Plaintiff, William Paul, being discriminated against and forced to leave the subject unit.

70. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff, William Paul, has suffered irreparable loss and injury including, but not limited to mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

71. Moreover, the aforementioned acts of Defendants were so reckless or wanting in care that it constituted a conscious disregard or indifference to the protected rights of Plaintiffs, William Paul, who was exposed to such conduct.

**COUNT FOUR – VIOLATION OF 42 U.S.C. § 3604(b)**
*Desi Warner v. The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.*

72. Plaintiff hereby reasserts by reference the allegations of Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

**Paul and Warner v. The Grand Condominium
Complaint for Injunctive Relief**

73. Plaintiff is a member of a protected class.

74. Plaintiff, William Paul, was Defendants' tenant. At all times material, Desi Warner was a guest of Plaintiff, William Paul.

75. Defendants imposed unfavorable or less favorable terms and conditions on Desi Warner, while he was a guest of William Paul.

76. Defendants' conduct resulted in Plaintiff, Desi Warner, being discriminated against and forced to leave the Dwelling Unit.

77. Defendants did not impose such terms and conditions on similarly situated guests or tenants not of Plaintiff Desi Warner's protected class.

78. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff, Desi Warner, has suffered irreparable loss and injury including, but not limited to mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

79. Moreover, the aforementioned acts of Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to the protected rights of Plaintiff, Desi Warner, who was exposed to such conduct.

**COUNT FIVE – VIOLATION OF 42 U.S.C. § 1982**
*William Paul v. The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.*

80. Plaintiff hereby reassert by reference the allegations of Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

81. Pursuant to 42 U.S.C. § 1982, this is a claim against Defendants for their deprivation of Plaintiff's right to hold property to the same extent as white citizens of the United

States.

82. As a result of the discriminatory acts and omissions described hereinabove, the Defendants have denied Plaintiff's right to hold property to the same extent as white citizens because of his race.

83. Defendants' deprivation of Plaintiff's rights because of his race is illegal and morally reprehensible.

84. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff, William Paul, has suffered mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

85. Moreover, the acts and omissions of Defendants were so reckless or wanting in care that it constituted a conscious disregard or indifference to the protected rights of Plaintiff, William Paul, who was exposed to such conduct.

## COUNT SIX: NEGLIGENCE
*William Paul v. The Grand Condominium Association, Inc., JJN Real Estate, LLC, Daniel Nault, Edgewater One International Realty, Inc.*

86. Plaintiff hereby reasserts by reference the allegations in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

87. Section 83.67, Florida Statutes, creates certain "prohibited practices" to protect tenants from abusive landlord self-help tactics.

(5) A landlord of any dwelling unit governed by this part shall not remove the outside doors, locks, roof, walls, or windows of the unit except for purposes of maintenance, repair, or replacement; and **the landlord shall not remove the tenant's personal property** from the dwelling unit unless such action is taken after surrender, abandonment, recovery of possession of the dwelling unit due to the death of the last remaining tenant in accordance with s. 83.59(3)(d), or a lawful eviction.

*Section 83.67 Florida Statutes* (emphasis added)

88. William Paul is a member of the class of persons that Section 83.67, Florida Statutes is meant to protect, and the harm suffered by William Paul is the type of harm the laws are meant to protect against.

89. Defendants had a duty to their tenant, William Paul, under Florida law to not to prevent him from gaining reasonable access to the unit under Section 83.67, Florida Statutes, and other relevant Florida law.

90. Defendants breached their duty to William Paul by failing to provide proper eviction notice to the Plaintiff and by preventing him from gaining reasonable access to the unit under Section 83.67, Florida Statutes, and other relevant Florida law.

91. As a direct and proximate result of Defendants' negligence, the Plaintiff, William Paul has been caused to sustain injuries and the following past and future damages: pain and suffering, mental anguish, inconvenience, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiffs, William Paul and Desi Warner demand judgment against Defendants as follows:

a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons based on their color or race;

b. Order Defendants to establish objective policies and procedures to ensure there is no further discrimination based on race or color;

c. That the Court enjoin Defendants to ensure that objective policies and procedures are available and enforced to prevent further discrimination at each and every residential

property owned by Defendants;

d. Order Defendants to provide notices to all residents of The Grand in which they manage of rights under the Fair Housing Act;

e. Order Defendants to instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

f. Award of appropriate compensatory and punitive damages to Plaintiffs, against Defendants to compensate Plaintiffs for their actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

g. Find that Plaintiffs are entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

j. And grant any other such relief as this Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES TRIABLE IN THIS MATTER.**

Respectfully Submitted this September 25, 2023.

| | |
|---|---|
| By: */s/ J. Courtney Cunningham* | By: */s/ Landon Stinson* |
| J. Courtney Cunningham, Esq. | Landon D. Stinson, Esq. |
| FBN: 628166 | Florida Bar No. 1018971 |
| **J. COURTNEY CUNNINGHAM, PLLC.** | **Beacon Legal PLLC.** |
| 8950 SW 74th Court, Suite 2201 | 2630-A NW 41 St. |
| Miami, Florida 33156 | Gainesville, FL 32606 |
| T: 305-351-2014 | (352) 415-4571 |
| cc@cunninghampllc.com | landon@beacon.legal |
| legal@cunninghampllc.com | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |